UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES M. FOX, and | ) | |
| JOEL P. NARANJO, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| 4403100 CANADA, INC. | ) | Section        _____ |
| d/b/a ECOLOMONDO CORP., | ) | |
| CORPORATION ÉCOLOMONDO, INC., | ) | Division       _____ |
| 4403096 CANADA, INC. d/b/a | ) | |
| ECOLOMONDO TECHNOLOGIES, | ) | |
| and 4403199 CANADA, INC. | ) | Plaintiffs Demand Trial by Jury |
| | ) | |
| Defendants. | ) | |

COMPLAINT

COMES NOW the Plaintiffs, JAMES M. FOX and JOEL P. NARANJO

(collectively, "Plaintiffs") by and through their undersigned counsel, and for their

Complaint against the Defendants 4403100 CANADA, INC. d/b/a ECOLOMONDO

CORP. ("ECOLOMONDO CORP."), CORPORATION ÉCOLOMONDO, INC., 4403096

CANADA, INC. d/b/a ECOLOMONDO TECHNOLOGIES ("Ecolomondo Technologies"),

and 4403199 CANADA, INC. (collectively, "Defendants") state as follows:

PARTIES

1.      Plaintiff James M. Fox is an individual residing in the State of Florida.

2.      Plaintiff Joel P. Naranjo is an individual residing in the State of Florida.

3.      Defendant Ecolomondo Corp. is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

4.      Defendant Corporation Écolomondo, Inc. is a corporation organized under the laws of Quebec, Canada with its principal place of business in Quebec, Canada.

5.      Defendant Ecolomondo Technologies is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

6.      Defendant 4403199 Canada, Inc. is a corporation organized under the laws of Canada with its principal place of business in Quebec, Canada.

<u>JURISDICTIONAL ALLEGATIONS COMMON TO ALL COUNTS</u>

7.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.      At all times material hereto, Defendants were developing and marketing a patented process called Thermal Decomposition which converts hydrocarbon-based waste into marketable by-products using a high-temperature reactor.

9.      Since September 8, 2009, Defendants individually or collectively had in force and effect a Contract for Independent Sales Agent with World Ecology, LLC, a Louisiana limited liability company based in Baton Rouge, Louisiana, for the purpose of selling the company's thermal decomposition plant and technology.

10.      Upon information and belief, Defendants individually or collectively have collaborated with World Ecology, LLC to construct and operate recycling plants across

the United States and abroad. The purpose of this joint-management venture is to exploit the most dynamic aspects of the companies to ensure corporate success.

11.     At all times material hereto, Defendants individually or collectively had in force and effect a Contract for Independent Sales Agent with G. B. Quest, LLC, a Louisiana limited liability company based in Gretna, Louisiana, for the purpose of further promoting and selling the company's thermal decomposition plant and technology.

12.     At all times material hereto, Defendant Ecolomondo Technologies was acting as an agent for Ecolomondo Corp., Corporation Écolomondo, Inc. and/or 4403199 Canada, Inc. for the purpose of establishing sales contacts and conducting business in the United States.

13.     Based on the foregoing, Defendants have purposefully availed themselves of the privilege of conducting business in the State of Louisiana.  The exercise of personal jurisdiction comports with constitutional due process and the Louisiana Long Arm Statute, LA. REV. STAT. ANN. § 13:3201.

14.     Venue is proper pursuant to 28 U.S.C § 1391(d) as the Defendants are foreign corporations with their principal places of business in Quebec, Canada.

15.     Plaintiffs request trial by jury on all counts.

COUNT I
(NEGLIGENCE – ECOLOMONDO CORP. – JAMES M. FOX)

1.     At all times material hereto, Ecolomondo Corp. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.    On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Corp.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.    At the aforementioned time and place, one or more agents or employees of Ecolomondo Corp. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.    At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.    Ecolomondo Corp., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)    prematurely opening the reactor before it adequately cooled;

(b)    failing to maintain the reactor in a reasonably safe operating condition;

(c)    failing to operate the reactor within safe operating parameters;

(d)    failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)    failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)    failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)    was otherwise negligent.

6.    As a direct and proximate result of the negligence of Ecolomondo Corp. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)    he sustained severe burns on his body;

4

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, ECOLOMONDO CORP. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

<u>COUNT II</u>
<u>(NEGLIGENCE – CORPORATION ÉCOLOMONDO, INC. – JAMES M. FOX)</u>

1.     At all times material hereto, Corporation Écolomondo, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Corporation Écolomondo, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Corporation Écolomondo, Inc. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.      Corporation Écolomondo, Inc., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)      prematurely opening the reactor before it adequately cooled;

(b)      failing to maintain the reactor in a reasonably safe operating condition;

(c)      failing to operate the reactor within safe operating parameters;

(d)      failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)      failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)      failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)      was otherwise negligent.

6.      As a direct and proximate result of the negligence of Corporation Écolomondo, Inc. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, CORPORATION ÉCOLOMONDO, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

<u>COUNT III</u>
(NEGLIGENCE – ECOLOMONDO TECHNOLOGIES – JAMES M. FOX)

1.     At all times material hereto, Ecolomondo Technologies owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Technologies' plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Ecolomondo Technologies opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.      Ecolomondo Technologies, by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)     prematurely opening the reactor before it adequately cooled;

(b)     failing to maintain the reactor in a reasonably safe operating condition;

(c)     failing to operate the reactor within safe operating parameters;

(d)     failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)     failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)     failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)     was otherwise negligent.

6.      As a direct and proximate result of the negligence of Ecolomondo Technologies set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, ECOLOMONDO TECHNOLOGIES for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

## COUNT IV
### (NEGLIGENCE – 4403199 CANADA, INC. – JAMES M. FOX)

1.      At all times material hereto, 4403199 Canada, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.　　　On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of 4403199 Canada, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.　　　At the aforementioned time and place, one or more agents or employees of 4403199 Canada, Inc. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.　　　At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.　　　4403199 Canada, Inc., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)　　prematurely opening the reactor before it adequately cooled;

(b)　　failing to maintain the reactor in a reasonably safe operating condition;

(c)　　failing to operate the reactor within safe operating parameters;

(d)　　failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)　　failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)　　failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)　　was otherwise negligent.

6.　　　As a direct and proximate result of the negligence of 4403199 Canada, Inc. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)　　he sustained severe burns on his body;

10

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, 4403199 CANADA, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

<u>COUNT V</u>
<u>(STRICT LIABILITY – ECOLOMONDO CORP. – JAMES M. FOX)</u>

1.     At all times material hereto, Ecolomondo Corp. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Corp.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Ecolomondo Corp. prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      Ecolomondo Corp. further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant Ecolomondo Corp. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

   (a)      he sustained severe burns on his body;

   (b)      he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

   (c)      he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

   (d)      he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the

future;

(e)    he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)    he has had disability in the past and will continue to have disability in the future;

(g)    he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, ECOLOMONDO CORP. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

## COUNT VI
## (STRICT LIABILITY - CORPORATION ÉCOLOMONDO, INC. – JAMES M. FOX)

1.    At all times material hereto, Corporation Écolomondo, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.    On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Corporation Écolomondo, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.    At the aforementioned time and place, one or more agents or employees of Corporation Écolomondo, Inc. prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

13

4.    Corporation Écolomondo, Inc. further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.    Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant Corporation Écolomondo, Inc. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.    As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

(a)    he sustained severe burns on his body;

(b)    he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)    he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)    he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)    he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)    he has had disability in the past and will continue to have disability in the future;

(g)    he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and against the Defendant, CORPORATION ÉCOLOMONDO, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

COUNT VII
(STRICT LIABILITY – ECOLOMONDO TECHNOLOGIES – JAMES M. FOX)

1.      At all times material hereto, Ecolomondo Technologies owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Technologies' plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Ecolomondo Technologies prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      Ecolomondo Technologies further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's

failure to take adequate precautionary measures, Defendant Ecolomondo Technologies

is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

      6.      As a result of the explosion, the Plaintiff was injured in one or more of the

following respects:

      (a)      he sustained severe burns on his body;

      (b)      he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

      (c)      he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

      (d)      he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

      (e)      he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

      (f)      he has had disability in the past and will continue to have disability in the future;

      (g)      he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and

against the Defendant, ECOLOMONDO TECHNOLOGIES for an amount in excess of

SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the

circumstances, plus any applicable attorneys fees and costs of this suit and for any

other relief this court deems just.

COUNT VIII
(STRICT LIABILITY – 4403199 CANADA, INC. – JAMES M. FOX)

1.      At all times material hereto, 4403199 Canada, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of 4403199 Canada, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of 4403199 Canada, Inc. prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      4403199 Canada, Inc. further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant 4403199 Canada, Inc. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

(a)      he sustained severe burns on his body;

(b)      he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

17

(c)     he sustained severe emotional trauma and mental injuries in the
        past and is reasonably certain to experience emotional trauma and
        mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care,
        treatment and services in the past and will be required to expend
        money for necessary medical care, treatment and services in the
        future;

(e)     he has experienced a loss in wages, earnings, and earning
        capacity in the past and will continue to have wage loss and
        diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability
        in the future;

(g)     he has had disfigurement in the past and will continue to have
        disfigurement in the future.

WHEREFORE, Plaintiff, JAMES M. FOX, prays for judgment in his favor and

against the Defendant, 4403199 CANADA INC. for an amount in excess of SEVENTY-

FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the

circumstances, plus any applicable attorneys fees and costs of this suit and for any

other relief this court deems just.

<u>COUNT IX</u>
<u>(NEGLIGENCE - ECOLOMONDO CORP. – JOEL P. NARANJO)</u>

1.     At all times material hereto, Ecolomondo Corp. owned, leased, occupied,

operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur,

Quebec.

2.     On September 15, 2009, the Plaintiff was lawfully upon and inside the

premises of Ecolomondo Corp.'s plant and facility in Contrecoeur, Quebec, touring said

plant and facility.

3.     At the aforementioned time and place, one or more agents or employees of Ecolomondo Corp. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.     At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.     Ecolomondo Corp., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)    prematurely opening the reactor before it adequately cooled;

(b)    failing to maintain the reactor in a reasonably safe operating condition;

(c)    failing to operate the reactor within safe operating parameters;

(d)    failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)    failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)    failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)    was otherwise negligent.

6.     As a direct and proximate result of the negligence of Ecolomondo Corp. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)    he sustained severe burns on his body;

(b)    he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)    he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and

mental injuries in the future;

(d)    he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)    he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)    he has had disability in the past and will continue to have disability in the future;

(g)    he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, ECOLOMONDO CORP. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

COUNT X
(NEGLIGENCE – CORPORATION ÉCOLOMONDO, INC. – JOEL P. NARANJO)

1.    At all times material hereto, Corporation Écolomondo, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.    On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Corporation Écolomondo, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Corporation Écolomondo, Inc. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.      Corporation Écolomondo, Inc., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)     prematurely opening the reactor before it adequately cooled;

(b)     failing to maintain the reactor in a reasonably safe operating condition;

(c)     failing to operate the reactor within safe operating parameters;

(d)     failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)     failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)     failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)     was otherwise negligent.

6.      As a direct and proximate result of the negligence of Corporation Écolomondo, Inc. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, CORPORATION ÉCOLOMONDO, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

<u>COUNT XI</u>
<u>(NEGLIGENCE – ECOLOMONDO TECHNOLOGIES – JOEL P. NARANJO)</u>

1.     At all times material hereto, Ecolomondo Technologies owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.     On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Technologies' plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.     At the aforementioned time and place, one or more agents or employees of Ecolomondo Technologies opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.     At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.     Ecolomondo Technologies, by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)     prematurely opening the reactor before it adequately cooled;

(b)     failing to maintain the reactor in a reasonably safe operating condition;

(c)     failing to operate the reactor within safe operating parameters;

(d)     failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)     failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)     failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)     was otherwise negligent.

6.     As a direct and proximate result of the negligence of Ecolomondo Technologies set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

23

(c) he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d) he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e) he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f) he has had disability in the past and will continue to have disability in the future;

(g) he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, ECOLOMONDO TECHNOLOGIES for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

COUNT XII
(NEGLIGENCE – 4403199 CANADA, INC. – JOEL P. NARANJO)

1. At all times material hereto, 4403199 Canada, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2. On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of 4403199 Canada, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.     At the aforementioned time and place, one or more agents or employees of 4403199 Canada, Inc. opened a thermal decomposition reactor before it had completely cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.     At the aforementioned time and place, Defendant had a duty to exercise ordinary care under the circumstances so as not to cause injury to the Plaintiff.

5.     4403199 Canada, Inc., by and through its agents or employees, breached its duty to Plaintiff and was thereby negligent in one or more of the following respects:

(a)    prematurely opening the reactor before it adequately cooled;

(b)    failing to maintain the reactor in a reasonably safe operating condition;

(c)    failing to operate the reactor within safe operating parameters;

(d)    failing to supervise and train employees regarding proper operation of the reactor and related equipment;

(e)    failing to provide Plaintiff with adequate safety gear, including but not limited to: safety goggles, helmets, and protective clothing;

(f)    failing to outfit the facility with adequate safety equipment, including but not limited to: fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment;

(g)    was otherwise negligent.

6.     As a direct and proximate result of the negligence of 4403199 Canada, Inc. set forth above and which will be shown at trial, the Plaintiff was injured in one or more of the following respects:

(a)    he sustained severe burns on his body;

(b)    he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)    he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and

mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, 4403199 CANADA, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

<u>COUNT XIII</u>
<u>(STRICT LIABILITY - ECOLOMONDO CORP. – JOEL P. NARANJO)</u>

1.      At all times material hereto, Ecolomondo Corp. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Corp.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Ecolomondo Corp. prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      Ecolomondo Corp. further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant Ecolomondo Corp. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability
        in the future;

(g)     he has had disfigurement in the past and will continue to have
        disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and

against the Defendant, ECOLOMONDO CORP. for an amount in excess of SEVENTY-

FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the

circumstances, plus any applicable attorneys fees and costs of this suit and for any

other relief this court deems just.

<u>COUNT XIV</u>
<u>(STRICT LIABILITY - CORPORATION ÉCOLOMONDO, INC. – JOEL P. NARANJO)</u>

1.      At all times material hereto, Corporation Écolomondo, Inc. owned, leased,

occupied, operated, and/or controlled a thermal decomposition recycling facility in

Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the

premises of Corporation Écolomondo, Inc.'s plant and facility in Contrecoeur, Quebec,

touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees

of Corporation Écolomondo, Inc. prematurely opened a thermal decomposition reactor

before it had adequately cooled and the reactor exploded, damaging the facility and

burning Plaintiff.

4.      Corporation Écolomondo, Inc. further failed to provide Plaintiff or outfit the

facility with adequate safety equipment, including but not limited to: safety goggles,

helmets, protective clothing, fire extinguishers and fire suppression equipment, or first

aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant Corporation Écolomondo, Inc. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

(a)     he sustained severe burns on his body;

(b)     he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)     he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)     he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, CORPORATION ÉCOLOMONDO, INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under

the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

COUNT XV
(STRICT LIABILITY – ECOLOMONDO TECHNOLOGIES – JOEL P. NARANJO)

1.      At all times material hereto, Ecolomondo Technologies owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of Ecolomondo Technologies' plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of Ecolomondo Technologies prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      Ecolomondo Technologies further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant Ecolomondo Technologies is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the

30

following respects:

    (a)    he sustained severe burns on his body;

    (b)    he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

    (c)    he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

    (d)    he has become obligated for expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

    (e)    he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

    (f)    he has had disability in the past and will continue to have disability in the future;

    (g)    he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, ECOLOMONDO TECHNOLOGIES for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

## COUNT XVI
### (STRICT LIABILITY – 4403199 CANADA, INC. – JOEL P. NARANJO)

1.    At all times material hereto, 4403199 Canada, Inc. owned, leased, occupied, operated, and/or controlled a thermal decomposition recycling facility in Contrecoeur, Quebec.

2.      On September 15, 2009, the Plaintiff was lawfully upon and inside the premises of 4403199 Canada, Inc.'s plant and facility in Contrecoeur, Quebec, touring said plant and facility.

3.      At the aforementioned time and place, one or more agents or employees of 4403199 Canada, Inc. prematurely opened a thermal decomposition reactor before it had adequately cooled and the reactor exploded, damaging the facility and burning Plaintiff.

4.      4403199 Canada, Inc. further failed to provide Plaintiff or outfit the facility with adequate safety equipment, including but not limited to: safety goggles, helmets, protective clothing, fire extinguishers and fire suppression equipment, or first aid facilities, tools, and equipment. These deficiencies exacerbated the extent of Plaintiff's injuries.

5.      Due to the ultrahazardous and experimental nature of thermal decomposition technology, the highly significant risk of physical harm, and Defendant's failure to take adequate precautionary measures, Defendant 4403199 Canada, Inc. is subject to strict liability for the physical harm caused to Plaintiff by the explosion.

6.      As a result of the explosion, the Plaintiff was injured in one or more of the following respects:

(a)      he sustained severe burns on his body;

(b)      he has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

(c)      he sustained severe emotional trauma and mental injuries in the past and is reasonably certain to experience emotional trauma and mental injuries in the future;

(d)      he has become obligated for expenses for necessary medical care,

treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

(e)     he has experienced a loss in wages, earnings, and earning capacity in the past and will continue to have wage loss and diminished earning capacity in the future;

(f)     he has had disability in the past and will continue to have disability in the future;

(g)     he has had disfigurement in the past and will continue to have disfigurement in the future.

WHEREFORE, Plaintiff, JOEL P. NARANJO, prays for judgment in his favor and against the Defendant, 4403199 CANADA INC. for an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00), and which is fair and reasonable under the circumstances, plus any applicable attorneys fees and costs of this suit and for any other relief this court deems just.

Respectfully submitted:

/s/ Kearney S. Loughlin
KEARNEY S. LOUGHLIN
La. State Bar No. 26391
6030 Prytania Street
New Orleans, Louisiana 70118
Telephone:   (504) 891-3193
Facsimile:     (504) 891-3195
ATTORNEY FOR PLAINTIFFS